### WAEBER et al. v. ROSENSTEIN et al.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

RECEIVER—APPOINTMENT.

In an action by judgment creditors against the debtor and assignees of his book accounts to set aside the assignment for fraud, a refusal to appoint a receiver of the book accounts and the proceeds thereof on the ground that the assignment was made to secure a fictitious liability is proper where the assignees, in their answer to the complaint, put in issue all the allegations of fraud, and assert their right to such accounts as security, and it appears that they are merchants doing a large business, and are worth, above liabilities, $150,000, and that the assignment was made, on the advice of attorneys, to secure the assignees as indorsers on a note of their assignor which they indorsed at his request to enable him to have it discounted.

Appeal from special term, New York county.

Action by Gustavus A. Waeber and another against Leo Rosenstein and others to set aside an assignment of certain book accounts by defendant Rosenstein to the other defendants. From an order

denying their motion for the appointment of a receiver of the assigned accounts and the proceeds thereof, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

F. D. L. Smith, for appellants.

E. Blumenstiel, for respondents.

PATTERSON, J. The plaintiffs appeal from an order denying their motion for the appointment of a receiver, pending suit, of certain book accounts and the proceeds thereof, transferred by Leo Rosenstein, one of the defendants, to the defendants Weingarten. The plaintiffs are judgment creditors of Rosenstein, and they brought this action to set aside the transfer of the book accounts, which were assigned to the Weingartens to secure them for an indebtedness of Rosenstein to them. The plaintiffs allege that this assignment was made in fraud of creditors, and seek to reach the accounts and their proceeds in the hands of the Weingartens. The affidavits used by the plaintiffs on the motion are to the effect that the indebtedness for which these book accounts were transferred was a fictitious one. In answer to that the defendants show the nature of the transaction, and their relation to Rosenstein at the time the assignment of the book accounts was made; that Rosenstein, who carried on the business of a grocer in Franklin street, requested the Weingartens to indorse a promissory note for $7,650, in order that the same might be discounted for Rosenstein; that the indorsement was made, and the note was discounted at the Empire State Bank, which was the bank with which the Weingartens dealt; that subsequently Rosenstein, being involved in financial difficulties, desired to secure the Weingartens for their liability on the indorsement mentioned, and that under the advice of Goldsmith & Dougherty, attorneys, the arrangement was made for the transfer of the book accounts, and that the transaction was an honest and legitimate one. It further appeared that the Weingartens are merchants in large business, and are fully worth $150,000 over and above their debts and liabilities; that they have answered the complaint in the action, and have put in issue all the allegations of fraud, and assert their right to the security. The court below, under the circumstances, declined to take the book accounts or their proceeds from the possession of the Weingartens by appointing a receiver. In this determination, the court was right. Upon the issues made by the answer and under the state of the affidavits it cannot be said that there is any such probability of the plaintiffs succeeding as would justify the court in disturbing the defendants in their possession of what was assigned to them as security, and there is not the slightest ground for apprehending that, if the plaintiffs should recover in the action, the defendants would not be able to respond in any amount for which they might be held liable. There is no danger whatever of the property being lost, and the appointment of a receiver is entirely unnecessary to the protection of any rights the plaintiff may have.

The order appealed from must be affirmed, with costs. All concur.